**FILED**
JAN 27 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Frederick Banks, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09 0144 |
| | ) | |
| Harry Lappin *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

MEMORANDUM OPINION

This matter is before the Court on petitioner's petition for a writ of *habeas corpus* and his application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the petition for lack of jurisdiction.

Petitioner challenges his conviction entered in March 2006 by the United States District Court for the Western District of Pennsylvania after a trial for mail fraud. He asserts that the Court of Appeals for the Third Circuit misconstrued the facts and wrongly applied the law in his case on direct criminal appeal. (Pet. at 5-6.)

Petitioner's recourse for alleged wrongs occurring at trial is through a motion under 28 U.S.C. § 2255, which is the mandated vehicle for a collateral attack on a conviction and sentence imposed by a federal court. *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred

before or during sentencing). An individual may be excused from pursuing relief under § 2255 only when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Petitioner has not demonstrated that a remedy by motion under § 2255 is inadequate or effective to test the legality of his detention.

Lacking jurisdiction to entertain the habeas petition, the Court will dismiss the case by separate Order issued contemporaneously with this Memorandum Opinion.

Date: Jan. 8, 2009

Colleen Kollar-Kotelly
United States District Judge